United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 10, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30460
Summary Calendar

DIANE LONG,

                                        Plaintiff-Appellant,

versus

LOUIS CONGEMI, In His Official Capacity
as Mayor of the City of Kenner,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
(03-CV-673)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:*

        We have reviewed the summary judgment record in this lawsuit

which was filed and prosecuted by Plaintiff-Appellant Diane Long,

and have studied the appellate briefs of the parties as well.  We

are satisfied that the district court's summary dismissal, grounded

in the reasons patiently, fully, and correctly set forth in the

comprehensive Report and Recommendation of the magistrate judge,

should be affirmed.

_____

        * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Long has submitted no probative evidence that she was somehow the victim of employment sex discrimination, in violation of Title VII or § 1983. Specifically, there is no relevant evidence to support her subjective belief that she was clearly more qualified than her male co-worker who (1) conceived the new unclassified position of Assistant Director of Kenner's Recreation Department, (2) submitted that idea to the Defendant-Appellee ("the Mayor"), and (3) pressed the matter until the Mayor agreed to create the new position, which he was legally empowered to do unilaterally. Neither has Long submitted probative evidence of pretext in the Mayor's non-discriminatory explanation for not having posted the opening for the new position or not having actively sought Long's or other applications (which are neither legally required nor customarily done when filling unclassified positions in the City of Kenner in general or the Recreation Department in particular) and simply appointing the male employee whose imagination and initiative were responsible for the creation of the new position in the first place. Ironically, Long (like her husband and her son) was appointed by this Mayor to her current upper-level, unclassified job in the Recreation Department without his having posted, advertised, or otherwise publicized that position's availability or sought other applications. Yet, despite labeling as pretextual the legitimate, non-discriminatory reasons proffered by the Mayor for appointing her male co-worker to the new post, Long has presented nothing in the way of relevant, probative

2

summary judgment evidence that would support a conclusion that the Mayor's logical and consistent explanations for taking that action was pretext for sex discrimination against Long.  For essentially the same the reasons that were set forth by the Magistrate Judge and credited by the district court, we affirm the conclusions that Long's lawsuit is wholly without merit and should be dismissed with prejudice.

The summary judgment of the district court dismissing Long's action with prejudice is, in all respects,

AFFIRMED.